STEPHEN N. BREED & others *vs.* HENRY BREED & others.

A. petition for the division of flats was filed in this court, under the St. of 1864, *c.* 306, and commissioners were appointed to determine the lines of division; the St. of 1871, *c.* 338, was then passed, repealing the St. of 1864, *c.* 306, but providing for a different mode of proceeding in this court; subsequently the St. of 1872, *c.* 107, saved from the effect of the St. of 1871, *c.* 338, proceedings pending at the passage of that statute; and afterwards the commissioners made their report, and the respondents for the first time then objected that by the effect of the St. of 1871, *c.* 338, the petition could not be maintained. *Held*, that the objection came too late.

PETITION filed August 19, 1869, under the St. of 1864, *c.* 306,* for the division of flats in Lynn harbor. At November term 1870, commissioners were appointed to determine the lines and boundaries of the flats adjacent to each parcel of upland, and the court, under the St. of 1870, *c.* 348,† ordered the trial of other

* "SECTION 1. Persons holding lands or flats adjacent to or covered by high water, may have the lines and boundaries of their ownership in such flats settled and determined in the manner hereinafter provided.

"SECTION 2. One or more of the persons holding lands or flats adjacent to or covered by high water, may apply by petition to the Supreme Judicial Court for the county in which the same lie for the settlement and determination of ownership in such flats.

"SECTION 3. The proceeding upon such petitions shall be according to the third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-ninth, thirty-second, thirty-eighth, thirty-ninth, forty-first, forty-fourth, forty-fifth, forty-sixth, and forty-seventh sections of the one hundred and thirty-sixth chapter of the General Statutes, so far as the same are applicable to the proceedings under this act.

"SECTION 4. No proceedings, and no settlement or determination of any lines or boundaries of ownership, under the provisions of this act, shall affect any rights or title of the Commonwealth to any flats or lands, unless the Commonwealth consents to become a party to the proceedings.

"SECTION 5. This act shall take effect upon its passage."

† "SECTION 1. On proceedings for settling and determining the lines and boundaries of the ownership of persons holding lands or flats adjacent to or covered by high-water mark, under chapter three hundred and six, of the acts of the year eighteen hundred and sixty-four, the court before which the petition is pending may, in its discretion, if deemed more convenient, or tending

questions to be postponed until after the report of the commissioners should have been made. Upon the return of the commissioners' report, it was objected by one of the respondents, that by the effect of the St. of 1871, *c.* 338,* repealing the St. of 1864, *c.* 306, without any saving of pending proceedings, this suit could

to a more expeditious disposition of the proceedings, postpone the trial of any or all questions and issues of fact raised by the answer or plea of the respondent or respondents, until after the report of the commissioners in regard to such lines and boundaries has been made.

" Section 2. This act shall take effect upon its passage."

* " Section 1. Persons holding lands or flats adjacent to or covered by high water, may have the lines and boundaries of their ownership in such flats settled and determined in the manner hereinafter provided.

" Section 2. One or more of the persons holding lands or flats adjacent to or covered by high water, may apply by petition to the Supreme Judicial Court for the county in which the same lie, for the settlement and determination of ownership in such flats. And the court may appoint one or more competent persons as commissioners to make a survey of the flats of the petitioners, and of all other flats adjacent and owned by other parties, whose rights may be affected in determining the lines of such petitioners' flats, and said commissioners shall determine the boundary lines of all such flats, and report to the court the boundaries established for each owner of such flats, with a plan of the several portions of flats, showing the lines established for each owner, which plan, after its approval, shall, by order of the court, be recorded in the registry of deeds for the county where said flats lie.

" Section 3. Before proceeding to make the survey and establish the lines over the flats according to the preceding section, such commissioners shall notify all persons interested in the premises, either by personal service or by publication, as the court may direct, to appear at a time and place named and be heard in relation to such survey. And the report of said commissioners, together with the plan, when accepted by the court and recorded as aforesaid, shall forever fix and determine the rights of all persons and parties, except where definite boundary lines have been established by parties legally authorized so to do.

" Section 4. The proceeding upon such petitions shall be according to the third, sixth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth and twenty-second sections of the one hundred and thirty-sixth chapter of the General Statutes, so far as the same are applicable to the proceedings under this act.

" Section 5. The expenses and charges of the commissioners shall be as certained and allowed by the court; the other costs shall be taxed in the usual manner, and the whole shall be apportioned by the court upon all parties in

not afterwards be maintained, notwithstanding the St. of 1872, *c.* 107.\* Hearing before *Gray,* J., by whom the case was reserved for the determination of the full court, according to whose opinion it was to be dismissed, or to stand for further proceedings.

*J. C. Perkins,* for the petitioners.

*W. C. Endicott,* (*S. B. Ives, Jr., & D. E. Ware* with him,) for the respondents.

WELLS, J. These proceedings were properly commenced under the St. of 1864, *c.* 306. The jurisdiction of the court remains as before; but the St. of 1871, *c.* 338, changed the mode of proceeding in some respects, and, by express terms, repealed the Statute of 1864, without reservation of pending proceedings. The St. of 1872, *c.* 107, provides that the Statute of 1871 " shall not be taken to affect any proceedings which had already been commenced and were pending at the time of the passage of said act " under the St. of 1864, *c.* 306.

In the interval, the proceedings were doubtless abatable. But it does not appear that any motion to abate was filed in court, or any objection made to the continuance of the commissioners in the investigation of the matters referred to them, and making up and returning their report into court. " Upon the return of the commissioners' report," this objection is taken by one of the respondents. We infer that the objection was then made for the first time; and that this was after the act of 1872, *c.* 107, had taken effect.

terested in determining their boundary lines over such flats, to be paid in proportion to the share or interest they respectively hold in the flats.

" SECTION 6. No proceedings and no settlement or determination of any lines or boundaries of ownership, under the provisions of this act, shall affect any rights or title of the Commonwealth to any flats or lands, unless the Commonwealth consents to become a party to the proceedings.

" SECTION 7. Chapter three hundred and six of the acts of the year eighteen hundred and sixty-four is hereby repealed."

\* " Section seven of chapter three hundred and thirty-eight of the acts of the year eighteen hundred and seventy-one shall not be taken to affect any proceedings which had already been commenced and were pending, at the time of the passage of said act, under chapter three hundred and six of the acts of the year eighteen hundred and sixty-four."

Assuming this to be so, we think the objection comes too late, and must be regarded as having been waived. It relates to the remedy, and not to the right. It affects the form and order of proceedings by which the matter is brought before the court for adjudication; not the jurisdiction of the court over the subject matter. Such objections are usually held to be waived, if the parties proceed to litigate upon the merits. They cannot take the chances of a favorable result upon the merits, and at the same time retain, for the exigency of disappointment in that, the right afterwards to fall back upon an objection to the form of the proceedings. *Campbell* v. *New Engand Ins. Co.* 98 Mass. 381, 400. *Blake* v. *Bayley*, 16 Gray, 531. *Crosby* v. *Blanchard*, 7 Allen, 385. *Kent* v. *Charlestown*, 2 Gray, 281. *Clark* v. *Montague*, 1 Gray, 446.

Statutes relating to remedy only, or to the mode and form of proceeding, are sometimes allowed to have a retroactive effect, if so intended. *Jewett* v. *Phillips*, 5 Allen, 150. Whether the St. of 1872, *c.* 107, would, by its own force alone, have given validity to pending proceedings like these, which had been rendered invalid by a previous statute, we need not determine; because we are satisfied that whatever difficulty might otherwise have been found in giving it that effect is removed by the conduct of the parties in regard to these proceedings, whereby they ought to be precluded from now setting up the invalidity which the statute seeks to remedy.

Our conclusion is, therefore, that the proceedings should be maintained; and accordingly they are to stand for further hearing upon the report of the commissioners.